| | |
|---|---|
| FRANK E. SCHERKENBACH<br>(Bar No. 142549 / scherkenbach@fr.com)<br>FISH & RICHARDSON P.C.<br>1 Marina Park Drive<br>Boston, MA 02210<br>Telephone: (617) 542-5070<br>Facsimile: (617) 542-8906<br><br>THOMAS L. HALKOWSKI<br>(admitted *pro hac vice* / halkowski@fr.com)<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>Post Office Box 1114<br>Wilmington, DE 19899-1114<br>Telephone: (302) 652-5070<br>Facsimile: (302) 652-0607<br><br>ERIN C. JONES<br>(Bar No. 252947 / erin.jones@fr.com)<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, California 94070-1526<br>Telephone: (650) 839-5070<br>Facsimile: (650) 839-5071<br><br>BRYAN A. BLUMENKOPF<br>(Bar No. 286266 / bkb@fr.com)<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, California 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099<br><br>Attorneys for Plaintiff<br>CYPRESS SEMICONDUCTOR CORPORATION | MARK FOWLER (Bar No. 124235)<br>*mark.fowler@dlapiper.com*<br>GERALD T. SEKIMURA (Bar No. 096165)<br>*gerald.sekimura@dlapiper.com*<br>ANDREW P. VALENTINE (Bar No. 162094)<br>*andrew.valentine@dlapiper.com*<br>ALAN LIMBACH (Bar No. 173059)<br>*alan.limbach@dlapiper.com*<br>TIMOTHY LOHSE (Bar No. 177230)<br>*timothy.lohse@dlapiper.com*<br>MICHAEL G. SCHWARTZ (Bar No. 197010)<br>*michael.schwartz@dlapiper.com*<br>BRENT YAMASHITA (Bar No. 206890)<br>*brent.yamashita@dlapiper.com*<br>SAORI KAJI (Bar No. 260392)<br>*saori.kaji@dlapiper.com*<br>DLA PIPER LLP (US)<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>Tel: 650.833.2000<br>Fax: 650.833.2001<br><br>Attorneys for Defendant<br>GSI TECHNOLOGY, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CYPRESS SEMICONDUCTOR CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>GSI TECHNOLOGY, INC.,<br><br>    Defendant. | Case No. 3:13-cv-02013-JST<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER, RULE 26(f) REPORT, and STIPULATION RE CONSOLIDATION WITH MINNESOTA LAWSUIT** |

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(f), Civil Local Rule 16-9(a), Patent Local Rule 2-1(a), ADR Local Rule 3-5, Standing Order for All Judges of the Northern District of California, the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), Standing Order for All Civil Cases Before District Judge Jon S. Tigar, this Court's May 1, 2013 Clerk's Notice of Setting Case Management Conference, and rulings made during the July 31, 2013, Case Management Conference for this matter, Plaintiff Cypress Semiconductor Corp. ("Cypress") and Defendant GSI Technology, Inc. ("GSI") have conferred through their respective legal counsel and jointly submit this Case Management Statement and proposed Order under Civil Local Rule 16-9(a).

## I. JURISDICTION AND SERVICE

This court has subject matter jurisdiction over Cypress's claims under 28 U.S.C. §§ 1331 and 1338(a) because this case involves a dispute over patent infringement under 35 U.S.C. § 271. Venue is proper in this court under 28 U.S.C. §§ 1391 and 1400(b). No party remains to be served.

## II. FACTS

Plaintiff Cypress is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 198 Champion Court, San Jose, California. Cypress filed this action in the United States District Court for the Northern District of California on May 1, 2013. Cypress's Complaint alleges that GSI infringes United States Patents Nos. 6,069,839 ("the '839 patent"), 6,292,403 ("the '403 patent"), 6,385,128 ("the '128 patent"), 6,445,645 ("the '645 patent"), and 6,967,861 ("the '861 patent") (collectively, the "Asserted Patents"). Cypress seeks, *inter alia*, an injunction, damages, fees, and costs.

Defendant GSI is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 1213 Elko Drive, Sunnyvale, California. GSI seeks an entry of judgment in its favor and against Cypress on Cypress's claims against GSI for patent infringement; a finding that GSI does not infringe any asserted claims of any of the Asserted Patents; a finding that the asserted claims of the Asserted Patents are invalid; a finding that this case is exceptional and entry of an Order directing Cypress to pay GSI its costs and attorneys' fees; and such other relief as the Court deems just and proper under the circumstances.

III. **PRINCIPAL FACTUAL AND LEGAL ISSUES IN DISPUTE**

The parties have identified the following principal disputed issues:

**(a)** The proper construction of disputed claim terms in the Asserted Patents;

**(b)** Whether GSI infringes any claims of the Asserted Patents;

**(c)** Whether any asserted claim of the Asserted Patents is invalid for any reason including under 35 U.S.C. §§ 101, 102, 103 and/or 112;

**(d)** Whether Cypress is barred from obtaining relief under the doctrine of prosecution history estoppel; and

**(e)** Appropriate forms of relief due to either party, including declaratory, injunctive and monetary relief.

IV. **MOTIONS**

There are no pending motions at this time. The parties anticipate that summary judgment motions will be filed that may address issues of patent infringement and/or non-infringement, validity and/or invalidity, enforceability and/or unenforceability, and/or remedies.

V. **AMENDMENT OF PLEADINGS**

The parties may seek to add additional claims, counterclaims and affirmative defenses as discovery proceeds. The parties propose April 4, 2014, as the deadline for amending pleadings.

VI. **EVIDENCE PRESERVATION**

The parties have reviewed the ESI Guidelines and the parties have met and conferred pursuant to Fed. R. Civ. P 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Such reasonable and proportionate steps shall include issuing document preservation instructions to the key individuals likely to have such documents, directing such individuals to take affirmative steps to preserve such documents, whether in hardcopy or electronic form, and to suspend applicable document destruction/deletion procedures.

**VII.   DISCLOSURES**

The parties have made their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on July 31, 2013.  Each party reserves its right to amend such disclosures as discovery progresses.

**VIII.  DISCOVERY**

    **(i)**  **Discovery Taken to Date:** Initial sets of written discovery have been served.

    **(ii)** **Anticipated Scope of Discovery:** The parties anticipate discovery on the claims for patent infringement, affirmative defenses thereto, claim construction, and prayers for relief.

    **(iii)** **Limits on Discovery:** The parties agree to the following limits on discovery:

        **(a) Fact Depositions:** The parties agree to a total presumptive limit of 114 hours of deposition per side and a presumptive limit of seven (7) hours per individual deposition.  Multiple days of deposition of a single witness will count as multiple depositions.

        The parties further agree that depositions taken pursuant to Fed. R. Civ. P. 30(b)(6), expert depositions, and non-party depositions will not count toward these limits.

        For depositions taken pursuant to Fed. R. Civ. P. 30(b)(6), the parties agree to a limit of twenty-one (21) hours of deposition testimony per party, irrespective of the number of topics or witnesses designated.

        The parties reserve the right to revisit the issue of the number and length of depositions as discovery progresses.  If any party seeks to exceed the above limits, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention by the Court.  Each party reserves the right to seek leave of Court in order to take additional depositions.

        **(b) Expert Depositions:** The parties agree that each side may take up to seven (7) hours of deposition testimony of each expert identified by an adverse party for each report provided.  Notwithstanding the foregoing, if any party identifies a single expert to provide a report related to both infringement and validity, the

seven (7) hour limit shall be expanded to fourteen (14) hours.

    **(c) Interrogatories:** The parties agree to the presumptive limits set forth in the Federal Rules of Civil Procedure regarding interrogatories.

    **(d) Requests for Admission:** The parties agree that each side may serve a maximum of fifty (50) requests for admission.

**(iv)** <u>**Discovery Plan:**</u> The parties intend to pursue discovery by taking depositions and by serving document requests, interrogatories, and requests for admission, subject to the limits in the previous section.

    **(a) Protective Order:** The parties agree that a protective order will be necessary, in light of the sensitive and proprietary information that will be exchanged during discovery. The parties intend to meet and confer on and submit a proposed Stipulated Protective Order to the Court.

    **(b) Privilege Logs:** The parties agree that privileged communications and documents covered by work product protection and dated after the filing of this lawsuit need not be included in any privilege log. In addition, the parties agree that privileged communications and documents covered by work product protection relating to the ITC Investigation (discussed below), the Minnesota Action, and the Antitrust Lawsuit (discussed below) need not be included in any privilege log.

    **(c) Expert Reports:** In addition to the provisions of the Federal Rules of Civil Procedure, the parties agree that document discovery concerning testifying experts shall be limited to the final versions of the testifying experts' reports and any materials relied upon by the testifying expert in forming his or her opinion(s) in this case. Testifying experts' draft reports, notes, and conversations or communications with counsel will not be subject to discovery and do not need to be logged in a privilege log unless such materials are relied upon by a testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. If an expert indicates in deposition that he or she relied

upon a document or source not otherwise specified in the final report, that document or source also is discoverable.

**(d) Method of Service:** The parties agree that service by electronic mail by 11:59 P.M. Pacific Time on a given day will be treated as service by personal delivery.

**(e) Electronic Discovery:** Pursuant to the ESI Guidelines, the parties agree to cooperate to develop protocols to lessen the burden of producing electronic discovery. The parties are continuing to meet and confer to reach an agreed upon plan for electronic discovery and will submit an agreed electronic discovery plan or a joint submission highlighting any remaining disputed issues.

## IX.  CLASS ACTIONS

This is not a class action.

## X.  RELATED CASES

The parties are aware of the following pending litigation between the same parties: *Cypress Semiconductor Corp. v. GSI Technology, Inc*., Case No. 11-cv-00789-PJS (D. Minn.), filed March 30, 2011 (the "Minnesota Lawsuit"), and *GSI Technology, Inc. v. Cypress Semiconductor Corp*., Case No. 11-cv-03613-EJD (N.D. Cal.) (the "Antitrust Lawsuit"). The Antitrust Lawsuit was found by Judge Davila not to be related to the above-captioned matter. *See* D.I. 9. The Minnesota Lawsuit was transferred to this District on August 8, 2013.

## XI.  RELIEF

Cypress seeks judgment that GSI has infringed and continues to infringe the Asserted Patents. Cypress seeks a permanent injunction, damages under 35 U.S.C. § 284, attorney fees under 35 U.S.C. § 285, and such relief at law and in equity as the Court may deem just and proper.

GSI seeks an entry of judgment in its favor and against Cypress on Cypress's claims against GSI for patent infringement; a finding that GSI does not infringe any asserted claims of any of the Asserted Patents; a finding that the asserted claims of the Asserted Patents are invalid; a finding that this case is exceptional and entry of an Order directing Cypress to pay GSI its costs and attorneys' fees; and such other relief as the Court deems just and proper under the circumstances.

## XII. SETTLEMENT AND ADR

The parties are willing to engage in settlement discussions following a ruling on claim construction issues. The parties have met and conferred regarding ADR pursuant to Civil Local Rule 16-18 and ADR Local Rule 3-5, have reviewed the ADR procedures in ADR Local Rule 3-5, and have stipulated to a settlement conference with a Magistrate Judge following a ruling on claim construction issues. The parties do not believe any motions are necessary to facilitate settlement.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have this case proceed before a Magistrate Judge.

## XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to a binding arbitration or to a Special Master. This case is also not appropriate for reference to the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties are not aware of issues that can be narrowed by agreement or by motion at this time and do not have suggestions to expedite the presentation of evidence at this time. The parties anticipate that as discovery proceeds, the issues will be narrowed for trial.

## XVI. EXPEDITED SCHEDULE

Because of the nature and complexity of the claims and defenses in this action, the parties submit that this is not the type of case that can be handled on an expedited basis or with short-circuited procedures.

## XVII. SCHEDULING

Pursuant to consultation amongst the parties and rulings made by the Court during the July 31, 2013, Case Management Conference, the parties propose following dates for scheduling in this case consistent with the Patent Local Rules, with certain minor modifications:

| Dates | Event/Authority |
|---|---|
| July 31, 2013 | Initial Case Management Conference |

| Dates | Event/Authority |
|---|---|
| July 31, 2013 | Last day for parties to make initial disclosures [Fed. R. Civ. P. 26(a)(1)] |
| Sept. 13, 2013 | Plaintiff's Disclosure of Asserted Claims & Preliminary Infringement Contentions & accompanying document production [Patent L.R. 3-1 & 3-2] |
| Nov. 27, 2013 | Defendants' Invalidity Contentions & accompanying document production [Patent L.R. 3-3 & 3-4] |
| Dec. 11, 2013 | Parties to exchange Proposed Terms & Claim Elements for Construction [Patent L.R. 4-1(a)] |
| Jan. 6, 2014 | Parties to exchange Preliminary Claim Constructions [Patent L.R. 4-2(a)] |
| Jan. 27, 2014 | Parties to file Joint Claim Construction & Prehearing Statement; parties to exchange expert declarations or other disclosures on claim construction for any experts who will submit declarations or testify regarding claim construction at the Claim Construction Hearing. [Patent L.R. 4-3] |
| See entry under section XX.C. | Claim Construction Discovery Cut-Off [Patent L.R. 4-4] |
| Feb. 26, 2014 | Plaintiff to file Opening Brief on Claim Construction [Patent L.R. 4-5(a)] |
| Mar. 19, 2014 | Defendant to file Responsive Brief on Claim Construction [Patent L.R. 4-5(b)]  (14 days) |
| Mar. 31, 2014 | Plaintiff to file Reply Brief on Claim Construction [Patent L.R. 4-5 (c)]  (7 days) |
| April 4, 2014 | Last day to amend pleadings |
| Apr. 15, 2014 at 1:30 p.m. | Court conducts Claim Construction tutorial |
| Apr. 29, 2014 at 9:30 a.m. | Claim Construction (*Markman*) Hearing |
| 50 days after *Markman* Ruling | Last day to disclose advice of counsel [Pat. L.R. 3-7] |

## XVIII. TRIAL

A jury demand has been made. The parties estimate that the expected total length of trial is nine days, with trial time to be split equally between the two sides.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed their respective Certifications of Interested Entities or Persons with the Court. There are no other non-party interested entities or persons.

## XX. OTHER MATTERS

### A. Consolidation of This Action With the Minnesota Lawsuit

The parties hereby stipulate, subject to the Court's approval, that this Action be consolidated for all purposes including trial, with the Minnesota Lawsuit (*Cypress Semiconductor Corp. v. GSI Technology, Inc.*, Case No. 11-cv-00789-PJS (D. Minn.)) which was transferred to this District on August 8, 2013.

### B. Privilege log:

The parties will exchange initial privilege logs, whose format will be agreed to in advance, prior to the close of fact discovery. For any documents produced after the exchange of privilege logs, and before the close of fact discovery, the parties will provide supplemental privilege logs by the earlier of ten (10) days after the production of the documents or before any deposition for which any such privilege log entries may be relevant.

### C. Scope and Timing of Claim Construction Discovery:

The parties may use expert witness reports or declarations in support of one or more of their claim construction positions. The parties will provide any expert declaration in support of one or more of their claim construction positions with their respective claim constructive briefs and will make their respective experts available for deposition within a reasonable time after their respective claim construction briefs and, in the case of Cypress's opening and GSI's opposition brief, before the responsive briefing is due, and, in the case of Cypress's reply brief, before the claim construction tutorial.

**D. Format of Claim Construction Hearing and Technology Tutorial:**

The parties do not anticipate live testimony at the claim construction hearing. The parties anticipate that five (5) hours will be required for argument at the claim construction hearing, split evenly between the sides. Unless the Court prefers a different format, the parties will separately argue each disputed term.

Dated: August 14, 2013                                Respectfully Submitted,

                                                     FISH & RICHARDSON, P.C.

                                                     By: */s/ Thomas L. Halkowski*
                                                         Thomas L. Halkowski

                                                     Attorneys for Plaintiff
                                                     CYPRESS SEMICONDUCTOR CORP.


                                                     DLA PIPER LLP

                                                     By: */s/ Michael G. Schwartz, by permission*
                                                          Michael G. Schwartz

                                                     Attorneys for Defendant
                                                     GSI TECHNOLOGY, INC.


## CASE MANAGEMENT ORDER

The above AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: August 20, 2013

                                                     _____
                                                     Hon. Jon S. Tigar
                                                     United States District Court Judge

**SIGNATURE ATTESTATION**

Pursuant to Civil Local Rule 5-1, I attest that concurrence in the filing of this document has been obtained from the signatory listed above.

Dated:  August 14, 2013                             FISH & RICHARDSON P.C.

                                                        By:   */s/ Thomas L. Halkowski*
                                                                Thomas L. Halkowski