# EXHIBIT D

SHARTSIS FRIESE LLP
One Maritime Plaza • Eighteenth Floor
San Francisco, California 94111-3598

Robert E. Schaberg
rschaberg@sflaw.com

July 16, 2013

***VIA E-MAIL AND U.S. MAIL***

Lee H. Rubin, Esq.
Mayer Brown LLP
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306-2112

Re: GSI Technology, Inc. v. Cypress Semiconductor Corporation

Dear Lee:

I write regarding three discovery matters.

**1. International Trade Commission Documents.**

You have asked whether, in connection with the above referenced litigation, GSI would agree to provide Cypress copies of the documents that GSI produced in connection with the International Trade Commission matter, without the necessity of a formal Request for Production of Documents. In short, the answer to the question is yes, subject to the specific condition that Section 7.3(c) and Section 7.4(a) of the Stipulated Protective Order not apply to this entire universe of documents, data and information, *i.e.*, we require that the documents not be provided to Cypress's "Designated House Counsel." If you are agreeable to this condition, please confirm that understanding and agreement in writing. Once we receive that written confirmation, we will promptly forward to you a disk containing digital copies of the documents.

**2. Depositions.**

We would like to take Ms. Bien Irace's deposition on August 15, 2013 and Mr. Cathal Phelan's deposition on August 20, 2013. Please let me know whether Ms. Irace and Mr. Phelan are available on those requested dates. If not, please let us know of alternative dates in that general time frame after those dates.

Moreover, we do not agree with your assertion that "[t]here is a strong presumption that depositions of party witnesses will occur at the party's principal place of business." In fact, the

presumption on which you rely is not strong, as recognized by the authority in your email. *See Buzzeo v. Board of Education, Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (recognizing that the presumption you cite "is not a strong one ...."). Furthermore, this presumption is inapplicable where, as here, the witnesses at issue all reside in the forum district. *See id.* (recognizing that "[t]he general presumption ... loses its significance, where, as here, all parties reside within the same forum district. The cases which apply the presumption invariably involve disputes where the defendant resides outside the forum.") (emphasis added; internal citations omitted). Finally, the authority you cited does not support your position. *Acer, Inc. v. Technology Properties*, 2008 U.S. Dist. LEXIS 103913 (N.D.Cal. 2008), involved party deponents residing in a foreign country, which is not the case here. Similarly, *Buzzeo*, 178 F.R.D. at 393, required consideration of a special circumstance -- *i.e.*, "[t]he well-running of [a] school" -- but you have failed to identify any similar special considerations that counsels in favor of applying the presumption.

The facts and circumstances of this case do not warrant the application of this weak presumption, and we respectfully insist on taking our party and non-party depositions at our offices in San Francisco, assuming that the party witnesses reside in the forum and the non-party witnesses reside within 100 miles of our office. Obviously, you can notice your depositions for your offices, if appropriate. We do not believe this issue should rise to the level of requiring judicial intervention.

**3. GSI's Subpoena to Cisco.**

Finally, Cisco has informed us that it has yet to reach an agreement with Cypress regarding its document production. We are concerned by the delay, since Mayer Brown has known about this issue since at least June 14. We are going to tentatively calendar Cisco's Rule 30(b)(6) deposition for August 23 and will need Cisco's documents well in advance. Please let us know by close of business tomorrow if you have reached an agreement with Cisco, and if not, the cause of the delay.

Very truly yours,

Robert Schaberg / LMM

Robert E. Schaberg

RES:lj

cc: Christopher J. Kelly, Esq.
Mary Jo Shartsis, Esq.

1909829.3