MARK FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
GERALD T. SEKIMURA (Bar No. 096165)
gerald.sekimura@dlapiper.com
ANDREW P. VALENTINE (Bar No. 162094)
andrew.valentine@dlapiper.com
ALAN LIMBACH (Bar No. 173059)
alan.limbach@dlapiper.com
TIMOTHY LOHSE (Bar No. 177230)
timothy.lohse@dlapiper.com
MICHAEL G. SCHWARTZ (Bar No. 197010)
michael.schwartz@dlapiper.com
BRENT YAMASHITA (Bar No. 206890)
brent.yamashita@dlapiper.com
ERIK R. FUEHRER (Bar No. 252578)
erik.fuehrer@dlapiper.com
SAORI KAJI (Bar No. 260392)
saori.kaji@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
GSI TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CYPRESS SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GSI TECHNOLOGY, INC.,<br><br>Defendant. | **CASE NOS. 3:13-CV-02013-JST (JCS); 3:13-CV-03757-JST (JCS)**<br><br>**DEFENDANT GSI TECHNOLOGY, INC.'S RENEWED NOTICE OF MOTION AND MOTION FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: October 2, 2014<br>TIME: 2:00 P.M.<br>PLACE: Courtroom 9, 19th floor<br>JUDGE: Hon. Jon S. Tigar |

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ...................................................................... 1

STATEMENT OF RELIEF ....................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 2

I. INTRODUCTION ........................................................................................... 2

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND................................ 3

    A. Cypress's History Of Patent Litigation Against GSI. ............................................ 3

    B. Relevant Procedural History. ................................................................... 4

    C. The PTAB Instituted IPRs Of The '403, '839, '128 And '645 Patents. ................. 5

        1. The '403 And '839 IPR Schedule. .............................................. 6

        2. The '128 And '645 IPR Schedule. .............................................. 6

    D. GSI Also Filed A Petition For *Inter Partes* Review Of The '861 Patent. ............. 6

    E. Good Faith Meet And Confer Efforts. ...................................................... 6

III. A STAY SHOULD BE GRANTED IN VIEW OF THE INSTITUTED IPRS................ 7

    A. The Relevant Legal Standards. ............................................................... 7

    B. The Procedural Posture Of The Litigation Favors A Stay. ...................................... 9

    C. Granting A Stay During The IPRs Will Simplify The Issues For Trial............... 11

    D. Cypress Will Not Suffer Undue Prejudice Or Disadvantage. ............................... 13

        1. GSI Timely Filed Petitions For *Inter Partes* Review. ............................. 13

        2. GSI Timely Moved For A Stay. ................................................ 15

        3. The IPRs Are Instituted. .......................................................... 15

        4. Although GSI And Cypress Are Competitors, Cypress Will Not Be Prejudiced In This Case. ........................................................... 15

IV. CONCLUSION ............................................................................................ 18

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-i-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

# TABLE OF AUTHORITIES

**Page**

CASES

*Advanced Analogic Tech, Inc. v. Kinetic Tech., Inc.*,
2009 WL 4981164 (N.D. Cal. Dec. 15, 2009) ........................................................ 10

*Affinity Labs of Texas v. Apple Inc.*,
2010 WL 1753206 (N.D. Cal. Apr. 29, 2012) ......................................................... 8

*Affinity Labs of TX LLC v. Samsung Electronics Co., Ltd.*,
2014 WL 3845684 (N.D. Cal. Aug. 1, 2014) ......................................................... 10

*Akeena Solar Inc. v. Zep Solar Inc.*
2010 WL 1526388 (N.D. Cal. Apr. 14, 2010) ......................................................... 7

*ASCII Corp. v. STD Entm't USA, Inc.*
844 F.Supp. 1378 (N.D. Cal. 1994) ......................................................................... 7

*Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*,
2014 WL 1350813 (N.D. Cal Apr. 3, 2014) ................................................ 7, 8, 10, 12, 13

*Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*,
2013 WL 6133763 (M.D. Fla. Nov. 21, 2013) ....................................................... 16

*Black & Decker Inc. v. Positec USA, Inc.*,
2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) ............................................................ 16

*Destination Maternity Corp. v. Target Corp.*,
2014 WL 1202941 (E.D. Pa. Mar. 24, 2014) ......................................................... 16

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ................................................................................ 7

*Ever Win Int'l Corp. v. Radioshack Corp.*,
902 F. Supp. 2d 503 (D. Del. 2012) ....................................................................... 13

*Evolutionary Intelligence, LLC v. Apple, Inc.*
("*Apple*"), 2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ........................................... 14

*Evolutionary Intelligence, LLC, v. Facebook, Inc.*
("*Facebook*"), 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) ................................. 12

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*
("*Sprint Nextel*"), 2014 WL 819277 (N.D. Cal. Feb. 2, 2014) ....................... 11, 12

*Evolutionary Intelligence, LLC v. Yelp Inc.*
("*Yelp*"), 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) .................................... 8, 14

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-ii-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1

## <u>TABLE OF AUTHORITIES</u>
### (continued)

2

Page

3

*Ho Keung Tse v. Apple, Inc.*,

4

    2007 WL 2904279 (N.D. Cal. Oct. 4, 2007)............................................................ 13, 14

5

*In re Cygnus Telecomms. Tech., LLC Patent Litig.*
    385 F. Supp. 2d 1022 (N.D. Cal. 2005) ............................................................ 9, 10, 13

6

*KLA-Tencor Corp. v. Nanometrics, Inc.*,

7

    2006 WL 708661 (N.D. Cal. Mar. 16, 2006)........................................................... 13

8

*Laitram Corp. v. NEC Corp.*,
    163 F.3d 1342 (Fed. Cir. 1998).............................................................................. 17

9

10

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936).................................................................................................. 7

11

*Like.Com v. Superfish, Inc.*

12

    2010 WL 2635763 (N.D. Cal. June 30, 2010) .......................................................... 7

13

*Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*,
    922 F. Supp. 2d 486 (D. Del. 2013) ....................................................................... 11

14

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*,

15

    2007 WL 627920 (N.D. Cal. Feb. 26, 2007)........................................................ 8, 15

16

*Network Appliance, Inc. v. Sun Microsystems, Inc.*
    2010 WL 545855 (Feb. 11, 2010)........................................................................ 11, 16

17

18

*Orinda Intellectual Properties USA Holding Grp., Inc. v. Sony Elecs. Corp.*,
    2010 WL 3184375 (N.D. Cal. Aug. 11, 2010) ....................................................... 13

19

*Pegasus Dev. Corp. v. DirecTV, Inc.*,

20

    2003 WL 21105073 (D. Del. May 14, 2003) ......................................................... 13

21

*PersonalWeb Tech. v. Facebook*,

22

    2014 WL 116340 (N.D. Cal. Jan. 13, 2014) .................................................. 10, 12, 13

23

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*
    2008 WL 3833576 (N.D. Cal. August 15, 2008) ................................................... 7, 16

24

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,

25

    2014 WL 3107447 (N.D. Cal. July 3, 2014)........................................................ 15, 17

26

*Ruckus Wireless, Inc. v. Netgear, Inc.*

27

    2010 WL 1222151 (N.D. Cal. Mar. 25, 2010) ......................................................... 7

28

DLA PIPER LLP (US)
EAST PALO ALTO

-iii-

### TABLE OF AUTHORITIES
### (continued)

**Page**

*Semiconductor Energy Lab., Co. Ltd. v. Chimei Innolux Corp.*,
   2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ....................................................... 14

*Sonics, Inc. v. Arteris, Inc.*,
   2013 WL 503091 (N.D. Cal. Feb. 8, 2013)............................................................. 15

*Speedtrack, Inc. v. Wal-Mart.Com USA, LLC*
   2009 WL 281932 (N.D. Cal. Feb. 5, 2009)........................................................ 7, 8, 10

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
   1995 WL 20470 (N.D. Cal. Jan. 13 1995) ............................................................. 10

*Telemac Corp. v. Teledigital, Inc.*,
   450 F. Supp. 2d 1107 (N.D. Cal. 2006) .................................................................. 8

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
   943 F. Supp. 2d 1028 (C.D. Cal. 2013).................................................................. 8

*Virtualagility Inv. v. SalesForce.com*,
   —F.3d.—2014 WL 3360806 (Fed. Cir. July 10, 2014)................................. 9, 10, 12, 16, 17

**STATUTES**

19 U.S.C. § 1337 .............................................................................................. 3, 16

35 U.S.C. § 303(a) ................................................................................................ 12

35 U.S.C. § 311(b) ................................................................................................. 7

35 U.S.C. § 314(a) .......................................................................................... 5, 8, 12

35 U.S.C. § 315(e) ................................................................................................ 12

35 U.S.C. § 316(a)(ii) .............................................................................................. 6

35 U.S.C. § 316(a)(11) ......................................................................................... 6, 8

35 U.S.C. § 324(a) ................................................................................................ 12

America Invents Act, § 18(A) ..................................................................................... 9

America Invents Act, § 18(B) ..................................................................................... 9

America Invents Act, § 18(b)(1) .................................................................................. 9

America Invents Act, § 18(C) ..................................................................................... 9

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-iv-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

# TABLE OF AUTHORITIES
### (continued)

**Page**

America Invents Act, § 18(D) ......................................................................................... 9

**REGULATIONS**

Senator Charles E. Grassley, *Changes to Implement Inter Partes Review Proceedings,
Post-Grant Review Proceedings, and Transitional Program for Covered Business
Method Patents*, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (codified at 37 C.F.R. §§
42.100, et seq.) ........................................................................................................... 7

**OTHER AUTHORITIES**

157 Cong. Rec. S5319 (daily ed. Sept. 6, 2011) ........................................................... 8

157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) ............................................................ 7

WEST\249217700

-v-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

DLA PIPER LLP (US)
EAST PALO ALTO

**NOTICE OF MOTION AND MOTION**

TO THE COURT AND ALL COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on October 2, 2014, at 2:00 P.M., or as soon thereafter as counsel may be heard in Courtroom 9 of the above-titled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant GSI Technology, Inc. ("GSI") will and hereby does move the Court to enter a partial stay of proceedings pending resolution by the United States Patent and Trademark Office of GSI's requested *inter partes* review of U.S. Patent Nos. 6,069,839; 6,292,403; 6,385,128; and 6,445,645.[1]

This motion is based upon this notice, the accompanying memorandum of points and authorities, the accompanying Declaration of Michael G. Schwartz, all pleadings, papers and records on file in this action, and such oral argument as may be presented at the hearing of this matter.

**STATEMENT OF RELIEF**

Whether the Court should issue an order staying this case with respect to four of the seven patents asserted by Plaintiff Cypress Semiconductor Corporation ("Cypress"). Specifically, GSI requests that the Court stay the case with respect to United States Patent Nos. 6,069,839 (the "'839 patent"), 6,292,403 (the "'403 patent"), 6,385,128 (the "'128 patent") and 6,445,645 (the "'645 patent") pending the final outcome of the *inter partes* review ("IPR") proceedings that the Patent Trial and Appeal Board ("PTAB") branch of the United States Patent and Trademark Office ("PTO") instituted.[2]

---

[1] As of the date of the filing of this motion, the Court's website indicates that September 25, 2014, is closed to further settings. Thus, GSI noticed this motion for the next available hearing date, October 2, 2014.

[2] As explained in more detail below, GSI also filed a petition for *inter partes* review of United States Patent No. 6,967,861 (the "'861 patent"), which the PTAB decided not to institute. GSI did not file a petition for *inter partes* review with respect to the two remaining patents-in-suit – U.S. Patent Nos. 7,142,477 (the "'477 patent") and 6,651,134 (the "'134 patent") – because Cypress first asserted those patents against GSI before the America Invents Act was passed.

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-1-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      INTRODUCTION**

3
      Rather than compete fairly in the marketplace, Cypress has been waging a litigation war

4
of attrition against GSI since 2011, causing the much smaller GSI to divert its resources from

5
promoting its superior products in the market to paying its attorneys to defend litigation.

6
Nowhere is this more apparent than in this case in which Cypress is asserting sixty-seven claims

7
across seven patents against GSI.  While Cypress admitted during the last case management

8
conference that it would not proceed to trial on all seven patents, it refused to narrow its case

9
before the Court decided claim construction.  It is, therefore, not surprising that Cypress will not

10
agree to stay this case with respect to the '403, '839, '128 and '645 patents (the "IPR Patents"),

11
even though the PTAB has instituted *inter partes* review proceedings on all asserted claims of

12
those patents.

13
      As explained in detail below, a stay limited to the IPR Patents is warranted.  First, the

14
early stage of this litigation weighs in favor of granting a stay as to the IPR Patents.  Second, the

15
IPRs are likely to result in all of the asserted claims being found invalid.  Thus, granting the stay

16
with respect to those patents will simplify the issues for trial.  Finally, Cypress will not suffer

17
undue prejudice if the stay is granted with respect to these four patents.  In this regard, GSI timely

18
filed petitions for *inter partes* review of the IPR Patents, the PTAB instituted IPRs of the '403

19
and '839 patents on April 16, 2014, and GSI filed its original stay motion just eight days later.

20
The Court subsequently denied GSI's motion without prejudice pending the PTAB's decision

21
whether to institute IPRs of the '645, '128 and '861 patents.  In so doing, the Court made clear

22
that Cypress cannot claim prejudice based upon the time that lapsed between GSI's filing of its

23
initial motion and this renewed motion.

24
      Moreover, the mere fact that GSI and Cypress are competitors is not ground to deny the

25
stay for at least five reasons.  First, numerous courts, both within this judicial district and from

26
other districts, have granted stays of competitor cases pending both *inter partes* reexamination

27
and *inter partes* review.  Second, the IPRs in this case concern patents Cypress asserted in its

28
third lawsuit against GSI, which it could have asserted when it filed its two original lawsuits in

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-2-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

2011.  Third, Cypress never sought a preliminary injunction.  Fourth, should any IPR claims survive review (which they will not), and are found to be infringed and valid (which they are not), royalty damages would continue to accrue.  Finally, as noted above, Cypress has no intention of proceeding to trial on all seven patents.  As such, a stay of this case with respect to the IPR Patents should be granted.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.     Cypress's History Of Patent Litigation Against GSI.

On March 30, 2011, Cypress filed a complaint in the United States District Court for the District of Minnesota, *Cypress Semiconductor Corporation v. GSI Technology, Inc.*, Case No. 11-CV-00789-PJS-FLN (the "Minnesota Action"), asserting that GSI infringes the '477 patent, the '134 patent, United States Patent No. 6,534,805 (the "'805 patent") and two other Cypress patents.  Declaration of Michael G. Schwartz in Support of Defendant GSI Technology, Inc.'s Renewed Motion For Partial Stay of Case Pending *Inter Partes* Review ("Schwartz Decl."), ¶ 9. On September 29, 2011, the Minnesota court issued an order staying the Minnesota Action (the "Stay Order") pending resolution of a related proceeding in the International Trade Commission ("ITC"), *In the Matter of Certain Static Random Access Memories and Products Containing Same*, Investigation No. 337-TA-792 (the "ITC Action").  Schwartz Decl., ¶ 10, Ex. I.

In the ITC Action, which Cypress filed on June 10, 2011, Cypress alleged violations of section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337) asserting that certain GSI SRAMs and products containing the same infringed the '477, '134 patent and '805 patents and United States Patent No. 6,262,937 (the "'937 patent").  *Id.* ¶ 11.  Cypress named GSI and fourteen of its customers as respondents in that investigation.  The ITC Action finally concluded on June 7, 2013, when the Commission affirmed the Chief Administrative Law Judge's finding of no section 337 violation.

On May 1, 2013, apparently anticipating that it would lose the ITC Action and rather than appealing the ITC's decision to the United States Court of Appeal for the Federal Circuit, Cypress filed the present action in the United States District Court for the Northern District of California, Case No. 3:13-CV-02013-JST (JCS) (the "California Action"), asserting that GSI infringes the

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-3-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1    '839, '403, '128, '645 and '861 patents.  Dkt. 1.

2        On July 8, 2013, the Minnesota court lifted the stay of the Minnesota Action (Dkt. 36 of

3    the Minnesota Action), and on August 7, 2013, the Minnesota court dismissed the claims

4    pertaining to the '805 patent and two other asserted patents, and transferred the case to this Court,

5    (Dkt. 41 of the Minnesota Action), as Case No. 3:13-CV-03757.  This Court consolidated the

6    Minnesota Action with the California Action on August 20, 2013.  Order Relating and

7    Consolidating Cases (Dkt. 24).  On January 2, 2014, GSI filed a motion for leave to amend its

8    answers to the complaints in the Minnesota and California actions, which the Court granted on

9    March 10, 2014.  Order Granting GSI's Motion for Leave to Amend Answers.  Dkt. 69.

10       **B.    Relevant Procedural History.**

11       On April 24, 2014, GSI filed its Motion For A Partial Stay of the Case (the "Original Stay

12   Motion").  On April 28, 2014, the Court issued its Notice to Parties Regarding Claim

13   Construction And Technology Tutorial.  Dkt. 93.  On April 29, 2014, the Court conducted the

14   technology tutorial in this case, held argument concerning how the case should proceed in light of

15   the instituted '403 and '839 IPRs and the then-pending petitions for *inter partes* review of the

16   '645, '128 and '861 patents, and ordered the parties to submit simultaneous briefing as to how the

17   case should proceed.  On May 7, 2014, the Court issued the Order Regarding Case Schedule in

18   which it denied without prejudice GSI's Original Stay Motion and granted GSI leave to file a

19   renewed motion by no later than August 29, 2014.  Dkt. 102.  In that Order, the Court stated that

20   "[a]s noted in Cypress's submission, Cypress may not, in opposing such motion, claim additional

21   prejudice caused by the delay between now and the re-filing in late August 2014."  *Id.* at 1-2.

22   The Court also ordered that the claim construction hearing scheduled for May 20, 2014, would

23   proceed solely with respect to the '134 and '477 patents and set a further claim construction

24   hearing for October 28, 2014, at 2:00 p.m. to hear oral argument regarding the construction of the

25   other six terms the parties had already briefed.  On May 20, 2014, the Court conducted the claim

26   construction hearing in this case with respect to the '134 and '477 patents only.  *See* Dkt. 114.

27   Other than the October 28 claim construction hearing date and the hearing date set for this

28   motion, the Court has set no other dates in this case.

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-4-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

### C.     The PTAB Instituted IPRs Of The '403, '839, '128 And '645 Patents.

On November 4, 2013, GSI filed a petition for *inter partes* review of the '403 patent with the PTO (Assigned Case No. IPR2014-00121).  Schwartz Decl. ¶ 2, Ex. A.  On April 16, 2014, the PTAB issued its Decision to Institute the IPR and a related Scheduling Order.  *Id.* ¶ 2, Exs. A-B.  The PTAB instituted the IPR trial on claims 1-7, 12-13, 15-17 and 19-20.  *Id.* Ex. A at 2 ("We determine that Petitioner has shown, under 35 U.S.C. § 314(a), a reasonable likelihood that it would prevail with respect to all of the challenged claims.").  Cypress is asserting claims 1-6, 12, 13 and 15-17 of the '403 patent against GSI in this case.  *Id.* ¶ 3, Ex. C at 3.  Thus, the '403 IPR includes all of the '403 patent claims that Cypress currently asserts against GSI in this case.

On November 27, 2013, GSI filed a petition for *inter partes* review of the '839 patent with the PTO (Assigned Case No. IPR2014-00202).  *Id.* ¶ 5, Ex. D.  On April 16, 2014, the PTAB issued its Decision to Institute the IPR and a related Scheduling Order.  *Id.* ¶ 5, Exs. D-E.  The PTAB instituted the IPR trial on claims 1-4, 13-15 and 17-20.  *Id.* Ex. D at 2 ("We determine that Petitioner has shown, under 35 U.S.C. § 314(a), a reasonable likelihood that it would prevail with respect to all of the challenged claims.").  Cypress is asserting claims 1-4, 13, 14 and 17-20 of the '839 patent against GSI in this case.  *Id.* ¶ 3, Ex. C at 3.  Thus, the '839 IPR includes all of the '839 patent claims that Cypress currently asserts against GSI in this case.

On February 11, 2014, GSI filed a petition for *inter partes* review of the '645 patent (Assigned Case No. IPR2014-00426).  *Id.* ¶ 6.  On August 11, 2014, the PTAB issued its Decision to Institute the IPR and a related Scheduling Order.  *Id.* ¶¶ 6-7, Exs. F, H.  The PTAB instituted the IPR trial on claims 1-3.  *Id.* ¶ 6, Ex. F at 13 ("Petitioner has demonstrated a reasonable likelihood of prevailing in showing that the subject matter of claims 1-3 of the '645 patent is anticipated or obvious, or both.").  Cypress is asserting claims 1-3 of the '645 patent against GSI in this case.  *Id.* ¶ 3, Ex. C at 3.  Thus, the '645 IPR includes all of the '645 patent claims that Cypress currently asserts against GSI in this case.

On February 11, 2014, GSI filed a petition for *inter partes* review of the '128 patent (Assigned Case No. IPR2014-00427).  *Id.* ¶ 7.  On August 11, 2014, the PTAB issued its Decision to Institute the IPR and a related Scheduling Order.  *Id.* ¶ 7, Exs. G-H.  The PTAB

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-5-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1    instituted the IPR trial on claims 1-4. *Id.* ¶ 7, Ex. G at 13, ("Petitioner has demonstrated a

2    reasonable likelihood of prevailing in showing that claims 1-4 of the '128 patent are

3    unpatentable."). Cypress is asserting claims 1-4 of the '128 patent against GSI in this case. *Id.* ¶

4    3, Ex. C at 3. Thus, the '128 IPR includes all of the '128 patent claims that Cypress currently

5    asserts against GSI in this case.

### 1.    The '403 And '839 IPR Schedule.

7    Although the '403 and '839 IPRs have not, to date, been formally consolidated, the same

8    three-judge PTAB panel is assigned to both and the PTAB set identical schedules. *Id.* ¶¶ 2, 5,

9    Exs. B, E. The PTAB set the oral argument (trial) date for the '403 and '839 IPRs for January 12,

10   2015. The PTAB should issue its final written decision on the invalidity of the reviewed claims

11   of the '403 and '839 patents by no later than April 16, 2015. 35 U.S.C. § 316(a)(11) (PTAB

12   required, by statute, to issue final written determination on validity within twelve months of

13   deciding to initiate an IPR, with only one possible six-month extension).

### 2.    The '128 And '645 IPR Schedule.

15   Although the '128 and '645 IPRs have not, to date, been formally consolidated, the same

16   three-judge PTAB panel is assigned to both and the PTAB set identical schedules. Schwartz

17   Decl. ¶¶ 6-7, Ex. H. The PTAB set the oral argument (trial) date for the '128 and '645 IPRs for

18   April 7, 2015. The PTAB should issue its final written decision on the invalidity of the reviewed

19   claims of the '645 and '128 patents by no later than August 11, 2015. 35 U.S.C. § 316(a)(ii).

### D.    GSI Also Filed A Petition For *Inter Partes* Review Of The '861 Patent.

21   On February 7, 2014, GSI filed a petition for *inter partes* review of the '861 patent

22   (Assigned Case No. IPR2014-00419). On August 11, 2014, the PTAB issued its decision not to

23   institute an IPR for the '861 patent. Schwartz Decl. ¶ 8.

### E.    Good Faith Meet And Confer Efforts.

25   When GSI filed the Original Stay Motion, Cypress refused to stipulate to a stay of the case

26   with respect to the '403 and '839 IPRs. Schwartz Decl. ¶ 20, Ex. O. In anticipation of this

27   renewed motion, on August 15, 2014, GSI requested that Cypress stipulate to a stay of the case

28   with respect to all of the IPR Patents. *Id.* ¶ 21. On August 20, 2014, Cypress was still waiting to

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-6-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

confirm its position on GSI's request to stipulate to a stay. *Id.* On August 21, 2014, Cypress stated that it will provide its position in its responsive papers.

### III. A STAY SHOULD BE GRANTED IN VIEW OF THE INSTITUTED IPRS

#### A. The Relevant Legal Standards.

A district court has the inherent power to stay litigation pending resolution of post-grant proceedings before the PTO. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). To that end, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination … proceedings," and such motions frequently are granted in this district. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (stay granted); *Like.com v. Superfish, Inc.*, 2010 WL 2635763 (N.D. Cal. June 30, 2010) (stay granted pending *inter partes* reexamination); *Akeena Solar Inc. v. Zep Solar Inc.*, 2010 WL 1526388 (N.D. Cal. Apr. 14, 2010) (stay granted); *Ruckus Wireless, Inc. v. Netgear, Inc.*, 2010 WL 1222151 (N.D. Cal. Mar. 25, 2010) (stay granted); *Speedtrack, Inc. v. Wal-Mart.com USA, LLC*, 2009 WL 281932 (N.D. Cal. Feb. 5, 2009) (stay granted); *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 2008 WL 3833576 (N.D. Cal. Aug. 15, 2008) (stay granted).

Pursuant to the Leahy-Smith America Invents Act ("AIA"), "any 'person who is not the owner of a patent may file with the [PTO] a petition to institute an *inter partes* review of the patent.'" *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, 2014 WL 1350813, at *2 (N.D. Cal Apr. 3, 2014) (quoting 35 U.S.C. § 311(a)). Pursuant to 35 U.S.C. § 311(b), petitioners "may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b).

By enacting the AIA, Congress replaced the pre-existing *inter partes* reexamination procedure with the IPR procedure with the intent to provide a "faster, less costly alternative to civil litigation to challenge patents." 157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statement by Senator Grassley); *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed.

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-7-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

Reg. 48680-01, at \*48680 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100, et seq.); *see also* 157

Cong. Rec. S5319 (daily ed. Sept. 6, 2011) (statement by Senator Kyl) (characterizing post-grant

review procedures, including *inter partes* review, as "an inexpensive substitute for district court

litigation" that "allows key issues to be addressed by experts in the field.").  The PTAB is

required, by statute, to issue its final written determination on validity within twelve months of

deciding to institute an IPR, with one possible six-month extension.  *See* 35 U.S.C. § 316(a)(11).

Thus, the new IPR procedure is much faster than the pre-existing *inter partes* reexamination it

replaced because the average pendency for *inter partes* reexamination is 39.5 months.  *See*

*Asetek*, 2014 WL 1350813, at \*2; U.S. Patent and Trademark Office, "*Inter Partes*

Reexamination Filing Data – September 30, 2012" (Sept. 30, 2012); *Evolutionary Intelligence,*

*LLC v. Yelp Inc.* ("*Yelp*"), 2013 WL 6672451, at \*2 (N.D. Cal. Dec. 18, 2013) ("In contrast, the

average length of an inter partes reexamination was around 36 month[s], and if either party

appealed the determination from the reexamination, the process could extend another three

years.") (citing *Affinity Labs of Texas v. Apple Inc.*, 2010 WL 1753206, at \*3 (N.D. Cal. Apr. 29,

2012)).

     As this Court stated:

> In order to institute an IPR trial, the PTO must determine that the
> petition presents "a reasonable likelihood that the petitioner would
> prevail with respect to at least 1 of the claims challenged in the
> petition," 35 U.S.C. § 314(a), which is a "more stringent
> [requirement] than the previous 'substantial new question of
> patentability' standard."

*See Asetek*, 2014 WL 1350813, at \*2 (quoting *Universal Elecs., Inc. v. Universal Remote Control,*

*Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013)).  *See Yelp*, 2013 WL 6672451, at \*3.

     In determining whether to grant a stay pending review, courts consider: (1) the stage and

history of the litigation, including whether discovery is complete and whether a trial date has been

set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a

stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*See, e.g.*, *Speedtrack*, 2009 WL 281932, at \*1 (citing *Nanometrics, Inc. v. Nova Measuring*

*Instruments, Ltd.*, 2007 WL 627920, at \*2 (N.D. Cal. Feb. 26, 2007); *Telemac Corp. v.*

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-8-
CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1   *Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)). "A stay is particularly justified

2   where the outcome of the reexamination would be likely to assist the court in determining patent

3   validity and, if the claims were cancelled in the reexamination, would eliminate the need to try

4   the infringement issue." *In re Cygnus Telecomms. Tech., LLC Patent Litig.*, 385 F. Supp. 2d

5   1022, 1023 (N.D. Cal. 2005).

6       The Federal Circuit recently addressed the issue of granting a stay in the analogous

7   situation of the PTAB having instituted a covered business method ("CBM") review. *See*

8   *Virtualagility Inv. v. SalesForce.com*, —F.3d.—2014 WL 3360806 (Fed. Cir. July 10, 2014).

9   With respect to CBM reviews, the AIA provides a four-factor test for the Court to use to

10   determine if a stay of pending litigation is proper. *Id.* at *2 (quoting AIA § 18(b)(1)). Three of

11   the four prongs of that four-factor test (AIA § 18(A), (B), (C)) are essentially identical to the

12   three-factor test used by this Court to determine whether to grant stays pending IPRs, and the

13   fourth factor (AIA § 18(D)), is essentially subsumed within the other three prongs as applied by

14   the district courts in the IPR context. In *Virtualagility*, the Federal Circuit reversed the district

15   court's denial of a stay pending the CBM review, finding that the district court had abused its

16   discretion in denying a stay of the district court case where: (a) three of the four factors – *i.e.*,

17   (1) simplification of the issues and streamlining trial, (2) whether discovery is complete and a

18   trial date has been set, and (3) reducing the burden of litigation on the parties and the court –

19   weighed heavily in favor of a stay; and (b) the fourth factor – *i.e.*, undue prejudice – weighed

20   slightly in favor of denying a stay.[3] *Id.* at *11. Here, the factors support granting a stay of the

21   case with respect to the IPR Patents.

22      **B.**     **The Procedural Posture Of The Litigation Favors A Stay.**

23       The stage of this litigation weighs in favor of granting a stay as to the IPR Patents. The

24   Court has not set a date for the close of fact or expert discovery or for trial. No discovery cut-off

25   has been set, and discovery is far from complete because the parties are continuing to negotiate

26   and exchange both technical and non-technical discovery, and no depositions have been

27

28   [3] In addressing each of the prongs, the Federal Circuit cited to numerous pre-AIA cases in
support of its conclusions. *See, generally, id.*

DLA PIPER LLP (US)
EAST PALO ALTO

-9-

WEST\249217700     CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

scheduled or conducted.  Schwartz Decl. ¶ 14.  Other than on issues of claim construction, no

expert reports have been exchanged, and no expert discovery has been conducted.  *Id*.  Although

the initial claim construction hearing was held on May 20, 2014, it was limited to the '134 and

'477 patents, and, thus, a claim construction hearing on the '861 patent and the IPR Patents has

yet to be held.  Moreover, no dispositive motions have been scheduled, briefed or heard.  *Id. See*

*Virtualagility*, 2014 WL 3360806, at *7 ("We hold that the timing factor heavily favors a stay …

As of the date the PTAB granted CBM review, there remained eight months of fact discovery, the

joint claim construction statements had yet to be filed, and jury selection was a year away.");

*Affinity Labs of TX LLC v. Samsung Electronics Co., Ltd.*, 2014 WL 3845684, at *2 (N.D. Cal.

Aug. 1, 2014) (finding this factor weighs in favor of a stay, notwithstanding the fact that the

parties had "undertaken significant work" and the "judicial system" had "expended significant

resources," noting that "while much has been done, much remains to do.  Fact discovery, though

it has begun, remains far from complete.  No depositions of prior art witnesses or inventors have

occurred.  The parties have yet to submit expert reports.  No motions for summary judgment have

been filed.  Three of the five patents have yet to be construed.  No trial date has been set.");

*Asetek*, 2014 WL 1350813, at *3 ("Where discovery has not yet been completed and a trial date

has not been set, courts are more likely to issue stays") (citing *Cygnus*, 385 F. Supp. 2d at 1024;

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13

1995)); *Advanced Analogic Tech, Inc. v. Kinetic Tech., Inc.*, 2009 WL 4981164, at *2 (N.D. Cal.

Dec. 15, 2009) ("[D]iscovery is in its early stages, and, although trial has been set, it is set for a

date more than fifteen months in the future."); *Speedtrack*, 2009 WL 281932, at *1 (granting stay

where "discovery is not complete, and no trial date has yet been set").

Although each party has served written discovery and documents have been and continue

to be produced pursuant to those requests, such limited discovery does not warrant continuing the

expense of litigating the IPR Patents during the IPR proceedings.  *See PersonalWeb Tech. v.*

*Facebook*, 2014 WL 116340, at *3-4 (N.D. Cal. Jan. 13, 2014) (stay pending *inter partes* review

granted, noting that "[t]he parties and courts have already invested significant time and effort into

these matters; a claim construction order has been issued and the close of fact discovery is fast

DLA PIPER LLP (US)
EAST PALO ALTO

-10-

WEST\249217700                                                    CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
                                                                            GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

approaching.  However, a substantial portion of the work – expert discovery, summary judgment, pre-trial preparation and trial itself – lies ahead ….  Considering that the parties have yet to engage in the significant and costly work of conducting expert discovery and preparing summary judgment motions, and taking notice that the preliminary pretrial conference, *i.e.*, the point at which the court will *set* the trial date, is still six months away, the court finds that this case is not so far advanced that a stay would be improper." (emphasis in original)); *Network Appliance, Inc. v. Sun Microsystems, Inc.*, 2010 WL 545855, at *3 (N.D. Cal. Feb. 11, 2010) (stay granted even though some discovery and claim construction had taken place because "considerable resources will still need to be expended by the parties and the Court in completing … portions of the case. Further, no summary judgment motions have been scheduled, briefed or heard, and no trial date has been set, all of which will necessarily entail a significant amount of work.").  Moreover, while GSI has served a subpoena to third-party witness Analog Devices seeking documents and a deposition with respect to a prior art product pertaining to the '128 and '645 patents, and while Analog Devices has responded to the subpoena in writing, issuing a stay of the case with respect to those patents would obviate the need to burden an Analog Devices employee to sit for deposition for now, if not permanently.  Schwartz Decl. ¶ 15.  As such, the procedural posture factor weighs in favor of granting a stay of the case with respect to the IPR Patents.

**C.**     **Granting A Stay During The IPRs Will Simplify The Issues For Trial.**

In the present case, the IPRs are likely to result in all of the asserted claims being found invalid.  Although official statistics are not yet available for IPR proceedings, it recently was reported that all claims survived *inter partes* reexaminations intact in only 11% of cases (*Market-Alerts Pty., Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 491 n.7 (D. Del. 2013) (granting motion to stay)) and that "in the context of the old *inter partes* reexamination proceeding, 42% of *inter partes* reexaminations (from 1999 through September 13, 2013) resulted in all claims being cancelled or disclaimed."  *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.* ("*Sprint Nextel*"), 2014 WL 819277, at *3 (N.D. Cal. Feb. 2, 2014); Schwartz Decl. ¶ 17, Ex. L (IPLaw360 Article relied upon in *Evolutionary Intelligence* cases).  It is very likely that the percentage of claims surviving in IPR proceedings will be even lower given the applicable

DLA PIPER LLP (US)
EAST PALO ALTO

-11-

WEST\249217700                                CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1  standard for granting an IPR ("reasonable likelihood that petitioner would prevail with respect to

2  at least 1 of the claims challenged in the petition") in comparison to the standard for granting

3  *inter partes* reexaminations ("significant new question of patentability").  *PersonalWeb*, 2014

4  WL 116340, at *2 ("This new threshold requirement presents a more stringent standard than the

5  previous 'substantial new question of patentability' and thus provides some assurance that the

6  delay suffered as a result of the IPR will be worthwhile."); 35 U.S.C. § 303(a) (2012) *cf.* 35

7  U.S.C. § 314(a); *see also Virtualagility*, 2014 WL 3360806, at *5 (in the analogous CBM context,

8  noting that "Congress made post-grant review more difficult to obtain than reexamination by

9  raising the standard from 'a substantial new question of patentability,' 35 U.S.C. § 303(a) (2012),

10  to 'more likely than not … unpatentable,' *id.* § 324(a)").

11       Granting a stay is particularly appropriate where, as here, all of the asserted claims of the

12  IPR Patents are subject to *inter partes* review.  *Evolutionary Intelligence, LLC, v. Facebook, Inc.*

13  ("*Facebook*"), 2014 WL 261837, at *2 (N.D. Cal. Jan. 23, 2014) (The benefit of waiting for the

14  completion of reexamination, which could eliminate the need for trial, is "particularly true when a

15  party has obtained PTO review of each of the asserted claims in the patents-in-suit….  Here, inter

16  partes review has been sought for all claims in the patents in suit.  Therefore, if the petitions for

17  review are granted, there is a chance that the review could simplify the case by rendering all of

18  Evolutionary Intelligence's claims for infringement moot."); *Asetek*, 2014 WL 1350813, at *3.

19       Courts appear to be recognizing that stays pending IPRs are appropriate in the

20  overwhelming majority of cases.  In this regard, Fish & Richardson's own website indicates that,

21  as of April 25, 2014, Courts have granted stays pending IPRs 71% of the time.  Schwartz Decl. ¶

22  18, Ex. M ("As of April 25, 2014, 129 motions to stay were granted and 52 were denied.").  And,

23  according to an April 2014 Fish & Richardson presentation posted on its website, as of March 31,

24  2014, there have been 33 final written IPR decisions and 11 final CBM decisions and "[a]most all

25  have found all claims unpatentable!"  *Id.* ¶ 19, Ex. N at 6.

26       Further, GSI will be estopped from asserting invalidity on any ground it raised or

27  reasonably could have raised during the IPRs.  35 U.S.C. § 315(e); *Sprint Nextel*, 2014 WL

28  819277, at *4 ("[S]tatutory estoppel simplifies the issues by preventing parties from relitigating

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-12-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1   the same validity issues before the PTO and the Court."). Thus, even in the unlikely event that

2   some of the asserted claims survive the IPRs in this case, the scope of the parties' dispute will be

3   narrowed. The issue simplification factor thus also supports the grant of a stay with respect to the

4   IPR Patents.

5           **D.      Cypress Will Not Suffer Undue Prejudice Or Disadvantage.**

6           The final factor is "whether a stay would unduly prejudice or present a clear tactical

7   disadvantage to the non-moving party." *Asetek*, 2014 WL 1350813, at *4; *PersonalWeb*, 2014

8   WL 116340, at * 5 (citing *Cygnus*, 385 F. Supp. 2d at 1023). Cypress will not be prejudiced by a

9   partial stay pending the PTO's reexamination of the IPR Patents because "[d]elay alone does not

10  usually constitute undue prejudice, because 'parties having protection under the patent statutory

11  framework may not 'complain of the rights afforded to others by that same statutory framework."

12  *Asetek*, 2014 WL 1350813, at *4 (quoting *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 WL

13  708661, at *3 (N.D. Cal. Mar. 16, 2006) (quoting *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL

14  21105073, at *2 (D. Del. May 14, 2003))); *Orinda Intellectual Properties USA Holding Grp., Inc.*

15  *v. Sony Elecs. Corp.*, 2010 WL 3184375, at *4 (N.D. Cal. Aug. 11, 2010) ("The delay inherent to

16  the reexamination process does not constitute, by itself, undue prejudice."); *Ho Keung Tse v.*

17  *Apple, Inc.*, 2007 WL 2904279, at *4 (N.D. Cal. Oct. 4, 2007).

18          The Court has stated that it finds the following four sub-factor test helpful for evaluating

19  prejudice: "'(1) the timing of the reexamination request; (2) the timing of the request for stay; (3)

20  the status of the reexamination proceedings; and (4) the relationship of the parties.'" *Asetek*, 2014

21  WL 1350813, at *4 (quoting *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 503

22  (D. Del. 2012)). These factors favor a partial stay in this case.

23          **1.      GSI Timely Filed Petitions For *Inter Partes* Review.**

24          This is not a case where reexamination is sought on the eve of trial or after an unfavorable

25  ruling. No claim construction ruling has issued with respect to the IPR Patents because the Court

26  bifurcated the claim construction hearing pending the outcome of the petitions for *inter partes*

27  review for the '128, '645 and '861 patents. Order Regarding Case Schedule, Dkt. 102.

28  Moreover, as established above, no dispositive motions have been filed or heard, no fact or expert

DLA Piper LLP (US)
East Palo Alto

-13-

WEST\249217700                    CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
                                  GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1    discovery cut-off is set, no depositions have been held, no expert reports have been exchanged,

2    and no trial date is set.

3         In addition, Cypress originally asserted seven patents against GSI, consisting of 187

4    patent claims.  Cypress did not narrow the number of asserted claims until it served its

5    infringement contentions on September 13, 2013, and even then Cypress still asserted 67 patent

6    claims.  Schwartz Decl. ¶ 3, Ex. C at 3.  After GSI raised objections with respect to certain

7    deficiencies in Cypress's infringement contention claim charts, Cypress served amended claim

8    charts on September 30, 2013.  *Id.* ¶ 3.  GSI promptly petitioned for *inter partes* review: (1) filing

9    the '403 petition for *inter partes* review on November 4, 2013, which was less than two months

10   after Cypress served its initial infringement contentions and almost two weeks before GSI served

11   its invalidity contentions on November 27, 2013; (2) filing the '839 petition for *inter partes*

12   review on November 27, 2013, which was less than three months after Cypress served its initial

13   infringement contentions and on the same date that GSI served its invalidity contentions; and

14   (3) filing the '128 and '645 petitions for *inter partes* review on February 11, 2014, which was less

15   than three months after GSI served its invalidity contentions and before the parties filed their

16   claim construction briefs.  Schwartz Decl. ¶¶ 2-7; *Ho Keung Tse*, 2007 WL 2904279, at *4

17   (finding that filing a request for reexamination three months after the service of preliminary

18   invalidity contentions was not evidence of any delay); *Yelp*, 2013 WL 6672451, at *9

19   ("*Semiconductor Energy Lab., Co. Ltd. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *3 (C.D.

20   Cal. Dec. 19, 2012) (filing IPR petitions ten months after complaint but only three to four months

21   after receiving infringement contentions was not unreasonable, because the infringement

22   contentions identified 100 claims from a possible 288 in the six patents-in-suit, and 'the need to

23   assess the disputed claims was a valid reason for not filing a petition shortly after the Complaint

24   was filed.').").  In addition, GSI filed all of its IPRs well within the one-year statutory deadline to

25   do so (May 1, 2014).  In this regard, Courts in this district granted stays pending the PTAB's

26   decision to institute IPRs even though the various defendants filed their petitions for IPR on the

27   last day permitted under the statute.  *See, e.g., Evolutionary Intelligence, LLC v. Apple, Inc.*

28   ("*Apple*"), 2014 WL 93954 (N.D. Cal. Jan. 9, 2014).  Thus, this sub-factor weighs in favor of

DLA PIPER LLP (US)
EAST PALO ALTO

-14-

WEST\249217700                                CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
                                              GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1  granting the stay.

2  **2.  GSI Timely Moved For A Stay.**

3  GSI timely moved for a stay.  The PTAB issued its decision to institute the '403 and '839

4  IPRs on April 16, 2014.  Schwartz Decl. ¶¶ 2, 5, Exs. A-B, D-E.  GSI promptly filed the Original

5  Stay Motion on April 24, 2014.  And, as explained above, Cypress may not claim prejudice based

6  upon the time that has passed since GSI filed the Original Stay Motion and this renewed motion.

7  Order Regarding Case Schedule, Dkt. 102.  With respect to the '645 and '128 patents, the PTAB

8  issued its Decision to Institute the IPRs on August 11, 2014.  Schwartz Decl. ¶¶ 6-7, Exs. F-H.

9  Thus, GSI timely moved for a stay and this sub-factor weighs in favor of granting the stay.

10  **3.  The IPRs Are Instituted.**

11  As explained in detail above, the PTAB instituted the IPRs with respect to all asserted

12  claims of all of the IPR Patents in this case.  This sub-factor thus weighs in favor of a stay.

13  **4.  Although GSI And Cypress Are Competitors, Cypress Will Not Be
    Prejudiced In This Case.**

14

15  GSI and Cypress are competitors – in fact, GSI sued Cypress for antitrust violations.  *GSI*

16  *Technology, Inc. v. Cypress Semiconductor Corp.*, United States District Court for the Northern

17  District of California, Case No. 5:11-cv-03163-EJD.  However, the simple fact that Cypress and

18  GSI are competitors does not require denying a stay.  In this regard, stay orders have been granted

19  in numerous cases in this district where the parties were actual or potential competitors.  *See, e.g.*,

20  *Sonics, Inc. v. Arteris, Inc.*, 2013 WL 503091, at *4 (N.D. Cal. Feb. 8, 2013) (granting stay

21  pending reexamination in case between competitors and noting that "Plaintiff argues that a stay

22  will be particularly prejudicial because Defendant, a close competitor, will be allowed to continue

23  selling allegedly infringing products during the stay period….  However, Plaintiff's legal and

24  equitable remedies will be available when the stay is lifted because a stay does not foreclose

25  Plaintiff from any remedy.") (internal citations omitted); *Nanometrics, Inc.*, 2007 WL 627920

26  (granting stay pending reexamination where "[t]he parties are competitors in the business of

27  inventing, designing, manufacturing, and marketing systems that monitor, measure, and control

28  processes for the semiconductor manufacturing industry"); *Robert Bosch Healthcare Sys., Inc. v.*

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-15-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

*Cardiocom, LLC*, 2014 WL 3107447, at *5-6 (N.D. Cal. July 3, 2014) (finding that the relationship-of-the-parties sub-factor weighed in favor of a stay even though the parties were "direct competitors" and were "two of only five telehealth vendors competing for business from the U.S. Department of Veteran Affairs ('VA').)."); *Network Appliance II*, 2010 WL 545855, at *5; *Procter & Gamble Co*, 2008 WL 3833576, at *2.

Similarly, district courts in other jurisdictions have granted stays in competitor cases pending the final resolution of IPRs. *See Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, 2013 WL 6133763, at *3 (M.D. Fla. Nov. 21, 2013) ("However, the litigants' status as a direct competitor does not mandate the denial of a stay. Here, Plaintiff's concerns are largely mitigated by the expedited procedures of the new *inter partes* review…. In any event, entering a stay pending *inter partes* review will not subject Plaintiff to anywhere near the average three-year delay typical of the former *inter partes* re-examination procedure, so this factor does not weigh strongly against staying this action.") (internal citations omitted); *Destination Maternity Corp. v. Target Corp.*, 2014 WL 1202941, at *4-5 (E.D. Pa. Mar. 24, 2014) (internal citations omitted) (granting stay even though the parties are "direct competitors"); *Black & Decker Inc. v. Positec USA, Inc.*, 2013 WL 5718460, at *2-3 (N.D. Ill. Oct. 1, 2013) (same).

Any argument by Cypress that it would be prejudiced by a stay in this case would be specious. For example, as explained in more detail in section II.A. above, in the Minnesota Action, Cypress originally asserted five patents, including the '134 patent and the '477 patent, which are at issue in this case. Cypress subsequently filed the ITC Action, in which it asserted four patents, one of which was the '937 patent (which is related to the '128 and '645 patents asserted in this case) and three of which it had also asserted in the Minnesota Action. Cypress could have asserted any of the IPR Patents when it originally filed the Minnesota and ITC cases. It did not do so, but rather waited to assert those patents (and the '861 patent, which Cypress purchased from IBM while the ITC action was pending) until shortly before Cypress received the final decision of the ITC finding that there was no section 337 violation by GSI. Thus, any claim by Cypress that it will now somehow be prejudiced by a stay with respect to any of the patents it asserted in the California Action is unfounded. *See Virtualagility*, 2014 WL 3360806, at *10-11

-16-

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1  (fact that plaintiff waited "nearly a year" after the patent issued before it filed suit weighs against

2  finding undue prejudice in granting a stay); *Robert Bosch Healthcare Sys.*, 2014 WL 3107447, at

3  *6 ("The Court also finds that Bosch exaggerates its claimed prejudice; Bosch failed to assert the

4  patents-in-suit—which had been issued by the time the First Case was filed—in the First Case.  It

5  is undisputed that the patents asserted in the First Case relate to the same product line as the

6  patents in this suit, yet it did not assert the patent-in-suit therein.  The Court finds unpersuasive

7  the argument that Bosch owns over one-hundred telehealth-related patents, making it

8  unreasonable to have asserted them all in a single lawsuit.").

9      Moreover, because GSI cannot file IPRs with respect to the two patents surviving from the

10  original Minnesota Action (the '134 and '477 patents), and because the PTAB determined not to

11  institute an IPR with respect to the '861 patent, Cypress will still have the opportunity to litigate

12  this case with respect to three patents, including its oldest and original pending claims.  It would

13  be illogical for Cypress to argue, on the one hand, that it will be prejudiced by a partial stay of the

14  case when, on the other hand, the case will proceed with respect to three patents and when it has

15  represented to the Court that it would not proceed to trial on all seven patents anyway.

16      In any event, to the extent any claims of the IPR Patents survive reexamination

17  unchanged, and are found to be infringed, any royalty damages would continue to accrue during

18  the stay.  *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998) ("A patentee of a

19  reexamined patent is entitled to infringement damages, *inter alia*, for the period between the date

20  of issuance of the original claims and the date of issuance of the reexamined claims if the original

21  and reexamined claims are 'identical.'"); *Virtualagility*, 2014 WL 3360806, at *9 ("Of course,

22  whether the patentee will be *unduly prejudiced* by a stay in the district court proceedings during

23  the CBM review, like the irreparable harm-type inquiry, focuses on the patentee's need for an

24  expeditious resolution of its claim.  A stay will not diminish the monetary damages to which VA

25  will be entitled if it succeeds in its infringement suit—it only delays realization of those damages

26  and delays any potential injunctive remedy.") (emphasis in original).  Similarly, Cypress did not

27  seek a preliminary injunction.  *Virtualagility*, 2014 WL 3360806, at *10-11 (fact that plaintiff did

28  not seek a preliminary injunction weighs against finding undue prejudice of granting a stay).

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-17-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW

1   Accordingly, money damages will continue to be a sufficient remedy to compensate Cypress for

2   any alleged infringement during the stay, and Cypress will not be prejudiced if the Court stays

3   this action with respect to the IPR Patents pending *inter partes* review.

4         Because there is no prejudice to Cypress and there is no clear tactical disadvantage to

5   Cypress if the Court were to grant the requested partial stay, the final factor also supports a stay

6   of the case with respect to the IPR Patents.

7   **IV.    CONCLUSION**

8         For the foregoing reasons, the case should be stayed with respect to the IPR Patents – *i.e.*,

9   the  '403, '839, '128 and '645 patents – pending the final outcome of the IPRs of those patents.

10

11   Dated:  August 21, 2014            **DLA PIPER LLP (US)**

12

13                        By */s/ Michael G. Schwartz*
                         MARK FOWLER

14                            GERALD T. SEKIMURA
                         ANDREW P. VALENTINE

15                            ALAN LIMBACH
                         TIMOTHY LOHSE

16                            MICHAEL G. SCHWARTZ
                         BRENT YAMASHITA

17                            ERIK R. FUEHRER
                         SAORI KAJI

18                            Attorneys for Defendant

19                            GSI TECHNOLOGY, INC.

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\249217700

-18-

CASE NOS. 3:13-CV-02013-JST (JCS)/3:13-CV-03757-JST (JCS)
GSI'S RENEWED MTN. FOR PARTIAL STAY PENDING *INTER PARTES* REVIEW