UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYPRESS SEMICONDUCTOR CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>GSI TECHNOLOGY, INC.,<br><br>    Defendant. | Case No. 13-cv-02013-JST<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: ECF No. 118 |

Before the Court is Defendant GSI Technology, Inc.'s Motion for Partial Stay Pending *Inter Partes* Review. ECF No. 118. For the reasons discussed below, the Court will GRANT the motion.

## I. BACKGROUND

Cypress filed this action in May 2013, alleging that GSI infringes several of its patents. ECF No. 1. In August 2013, the Court consolidated with this case a patent-infringement case between the same parties that was originally filed in the U.S. District Court for the District of Minnesota. ECF No. 24. The patents at issue in the consolidated case are U.S. Patent Nos. 9,967,861 ("'861 Patent"); 7,142,477 ("'477 Patent"); 6,651,134 ("'134 Patent"); 6,609,839 ("'839 Patent"); 6,292,403 ("'403 Patent"); 6,385,128 ("'128 Patent"); and 6,445,645 ("'645" Patent), which concern static random access memory technology for computers, telecommunication devices, and other electronic devices. ECF No. 96 at 1. Cypress filed its patent infringement contentions on September 13, 2013, and amended them on September 30, 2013. ECF No. 118-1 & Ex. C.

GSI petitioned for, and the Patent Trial and Appeal Board ("PTAB") instituted, *inter partes* review of the '839, '403, '128, and '645 Patents.[1]

---
[1] PTAB declined review of the '861 Patent. See ECF No. 118 at 6.

Under the Leahy-Smith America Invents Act, codified at 35 U.S.C. § 311-19, a person who is not the owner of a patent may file with the U.S. Patent and Trademark Office ("PTO") a petition to institute *inter partes* review of the patent in order to cancel as unpatentable one or more claims of the patent. 35 U.S.C. § 311(a), (b). A petition for *inter partes* review will only be granted if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C § 314(a).

The final determination in an *inter partes* review proceeding must be issued no later than one year after the date on which the proceeding was instituted, unless the PTO extends the period for an additional six months for "good cause shown." Id. § 316(a)(11). If review results in a final written decision under 35 U.S.C. § 318(a), neither the petitioner nor his privies may assert in a civil action that the patent is invalid on any ground that the petitioner raised or could have raised during that *inter partes* review. Id. § 315(e).

On November 4, 2013, GSI filed petitions for *inter partes* review of all the '403 Patent claims Cypress asserts against GSI here. ECF No. 118 at 5. On November 27, 2013, GSI filed *inter partes* review petitions as to all the '839 Patent claims Cypress asserts against GSI in this case. Id. And on February 11, 2014, GSI filed petitions for *inter partes* review of all '645 and '128 Patent claims Cypress has asserted against GSI here. Id. at 5-6. Based on the dates that PTAB instituted review proceedings, final decisions on the petitions should be complete by April 16, 2015 for the '403 and '839 Patents, and by August 11, 2015 for the '128 and '645 Patents, unless good cause is shown and review is extended by six months.

GSI initially filed its motion for partial stay on April 24, 2014, eight days after PTAB instituted *inter partes* review of the '403 and '839 Patents. ECF No. 92; ECF No. 118-1, Exs. A, D. The Court denied the motion without prejudice and granted GSI leave to file a renewed motion by August 29, 2014. ECF No. 102. On July 29, 2014, the Court construed four terms of the '134 and '477 Patents. ECF No. 114.

Cypress concedes that the Court should grant a stay as to the '128 and '645 Patents, but contests the stay with respect to the '403 and '839 Patents.[2] ECF No. 119 at 2. In any event, the

---

[2] Because Cypress concedes that a stay is warranted as to the '128 and '645 Patents, this order

2

Court will proceed with litigation regarding the '861, '477, and '134 Patents, and in particular, on October 28, 2014, the Court will hold a claim construction hearing with regard to the two claim terms of the '861 Patent that the parties have already briefed.

## II. LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted). In determining whether to stay a case pending review by the PTO, courts consider the following factors: (1) whether discovery in the case is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Cygnus Telecomms. Tech., LLC, Patent Litig., 285 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); see also Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (applying the framework applicable to motions to stay pending reexamination by the PTO to motions to stay pending the newer *inter partes* review process). While case law supplies these general considerations, the Court ultimately must decide whether to issue a stay on a case-by-case basis. Asetek Holdings, Inc. v. Cooler Master Co., Ltd., No. 13-cv-00457-JST, 2014 WL 1350813, at *1 (N.D. Cal. Apr. 3, 2014).

## III. DISCUSSION

### A. Stage of Proceedings

The first factor—whether discovery is complete and whether a trial date has been set—weighs in favor of a stay here. While litigation between these parties regarding the patents-in-suit has been pending since 2011, no trial date and no other dates aside from the October 28, 2014 claim construction hearing date have been set. In addition, while the parties have engaged in some discovery, the Court has not set dates for the close of fact or expert discovery, no depositions have been taken or scheduled, little expert discovery has been conducted, claim construction has only

---

addresses the possibility of staying the litigation only with respect to the '403 and '839 Patents, except where otherwise noted.

occurred with respect to the patents that are *not* the subject of this motion, and no dispositive motions have been scheduled or heard.

Cypress points to one of this Court's prior orders, wherein the Court held that a stay is less appropriate when litigation is in a later stage, because "much, if any of the effort that could have been saved has already been expended." Asetek, 2014 WL 1350813, at *4; see also ECF No. 119 at 3. Cypress correctly points out that, in this case, claim construction has already been fully briefed, claim construction is complete as to two of the seven patents-in-suit, the parties have exchanged numerous discovery documents, and this case will proceed as to the '861, '477, and '134 Patents. But this case is not in the same "late stage of the proceedings" that Asetek was, where construction of all claims was complete, fact discovery was nearly complete, and expert discovery was underway. 2014 WL 1350813, at *4.

### B. Simplification of the Issues and Trial of the Case

This factor weighs in favor of a stay.

There is a significant possibility that *inter partes* review will simplify the infringement issues for trial. See Asetek, 2014 WL 1350813, at *3 ("ordinarily, if any of the asserted claims are canceled [by review] the ordeals of claim construction and trial will become unnecessary for those claims.") (citations and internal alterations omitted). This is true because: (1) all claims of the '128, '645, '403, and '839 Patents have been asserted in the review proceedings; (2) *inter partes* review is only granted where PTAB has identified a reasonable likelihood of overturning some patent claims; (3) under the former, more lenient standard for granting *inter partes* reexamination, in most instances, reexamination resolved at least some of the claims at issue, and 42% of the time, all claims were cancelled or disclaimed, Evolutionary Intelligence, LLC v. Sprint Nextel Corp., No. C-13-4513-RMW, 2014 WL 819277, at *3 (N.D. Cal. Feb. 28, 2014) (citing article); and (4) as a result of *inter partes* review, GSI will be estopped from asserting certain defenses before this Court, see 35 U.S.C. § 315(e).

Cypress contends that granting a stay as to the '403 and '839 Patents will result in overlapping and duplicative discovery in the form of multiple depositions of the same parties, as the inventors of the '403 and '839 Patents (which are potentially subject to a stay) are the same as

4

the inventors of the '134 and '477 Patents (with respect to which the Court will proceed despite the stay). ECF No. 119 at 9-10. And this Court has noted that duplicative discovery resulting from overlapping patent technology supports the denial of a stay where the duplication would not simplify the issues and trial of the case. See Asetek, 2014 WL 1350813, at *3-4. But GSI makes a good case that this factor is neutral at best, because Cypress has already conceded that a partial stay should be granted. Moreover, no matter which version of a stay the Court grants, there is a risk of duplicative discovery because all of the patents subject to a potential stay overlap. See ECF No. 120 at 2-4. So long as the case proceeds in part and is stayed in part, the parties risk duplication as a result of overlapping patents, witnesses, and issues.[3]

### C.     Prejudice and Disadvantage

This factor is neutral.

With respect to motions for stays pending PTO reexamination of patents, the Court has used four sub-factors to evaluate prejudice and tactical disadvantage. This Court previously adopted a set of four sub-factors from the District of Delaware to determine whether a party would suffer undue prejudice or tactical disadvantage from a stay pending patent reexamination, see Asetek, 2014 WL 1350813 at *4 (citing Ever Win Int'l Corp. v. Radioshack Corp., 902 F. Supp. 2d 503, 508 (D. Del. 2012), and the Court believes it appropriate to apply the same sub-factors to the evaluation of a motion to stay based on the filing of a petition for *inter partes* review. Cf. Universal Elecs., 943 F. Supp. 2d at 1030-31 (applying the framework applicable to motions to stay pending reexamination by the PTO to motions to stay pending *inter partes* review). The four factors are: (1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties. Asetek, 2014 WL 1350813, at *4.

#### 1.     Timing of the *inter partes* petitions

With respect to the timing of the *inter partes* review petitions, Cypress correctly notes that GSI filed its petitions more than six months after it filed its complaint. ECF No. 119 at 13. But

---

[3] The Court will decline Cypress' invitation to predict the outcome of the *inter partes* review process as a predicate to evaluating GSI's request for a stay. See ECF No. 119 at 6-8.

GSI contends that it waited to file its petitions until it received Cypress' infringement contentions, which identified the claims Cypress would actually assert in this litigation. ECF No. 118 at 14. Other courts have found that waiting until after receiving infringement contentions to analyze the claims alleged and then filing petitions for review does not cause undue prejudice. See Evolutionary Intelligence, LLC v. Apple, Inc., No. C 13-04201 WHA, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014); Evolutionary Intelligence LLC v. Yelp Inc, No. C-13-03587 DMR, 2013 WL 6672451, at *9 (N.D. Cal. Dec. 18, 2013); Ho Keung Tse v. Apple, Inc., No. C 06-06573 SBA, 2007 WL 2904279, at *4 (N.D. Cal. Oct. 4, 2007). Moreover, Cypress has not indicated any other way in which GSI's timing in filing the *inter partes* review petitions has allowed GSI to gain an unfair tactical advantage in these proceedings. This Court has also previously found that, "[p]rovided an accused infringer is diligent, delay due to preparing an [*inter partes* review] petition, ascertaining the plaintiff's theories of infringement, or otherwise researching the patents that have been asserted in an action does not unduly prejudice the patent owner." Asetek, 2014 WL 1350813, at *5. The Court makes the same finding here.

GSI filed its first petitions for *inter partes* review less than two months after the initial infringement contentions were filed, filed its second petition for review less than three months after contentions were filed, and filed its final petitions less than five months after the initial contentions were filed. ECF No. 118 at 14. Also, GSI filed its petitions well within the one-year statutory limit. See Asetek, 2014 WL 1350813, at *4 ("Delay alone [within the statutory deadline] does not usually constitute undue prejudice because parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework.") (citations and internal quotations omitted).

The Court finds that the timing of GSI's petitions for review did not prejudice Cypress.

### 2. Timing of stay request and status of *inter partes* proceedings

As for the timing of GSI's request for the stay, Cypress concedes that "GSI moved for a stay of the litigation promptly after institution of [*inter partes* review]." ECF No. 119 at 14. With regard to the status of *inter partes* review proceedings, both are well underway, having been instituted in April 2014 and August 2014, and both should also be resolved by the end of 2015,

absent a good-cause extension. The PTAB is likely to issue its final written decision as to the '403 and '839 Patents by April 16, 2015. Thus, both of these sub-factors weigh against a finding of undue prejudice.

### 3. Relationship of the parties

The parties' relationship weighs against a stay, because the parties compete directly in the static random access memory market. As this Court has stated: "Courts recognize that, when the parties are direct competitors, the risk of prejudice is higher to the non-moving party than it would be otherwise." Asetek, 2014 WL 1350813, at *5 (citations omitted). Cypress argues that it will be prejudiced by a stay because, "[w]hile the case is partially stayed, GSI would be able to continue to use Cypress's patented inventions to take sales away from Cypress." ECF No. 119 at 11. Cypress argues that GSI is targeting its customers by providing lower-priced replacements for Cypress parts, and thus "not only is Cypress losing profits to GSI in this way, but GSI's lower-priced products have driven down prices in the market for those sales Cypress does make." Id.

But these allegations are not supported by any evidence. Cypress has provided a chart produced by GSI, which allegedly shows that GSI's sales representatives instruct potential customers on how to replace particular Cypress parts with particular GSI ones. There is no evidence, however, that customers have in fact purchased allegedly infringing GSI parts when they would otherwise have purchased Cypress parts, or that Cypress has lost any market share to GSI. In other words, there is no evidence of competitive injury.

As GSI notes, even the case law Cypress cites requires evidence to substantiate an argument that direct competition will result in prejudice to the non-moving party. ECF No. 120 at 12-13 (citing Robert Bosch Healthcare Sys., Inc. v. Cardiocam, LLC, No. C-14-1575-EMC, 2014 WL 3107447, at *5-6 (N.D. Cal. July 3, 2014); Sonics, Inc. v. Arteris, Inc., No. C 11-05311 SBA, 2013 WL 503091, at *4 (N.D. Cal. Feb. 8, 2013); and Nanometrics, Inc. v. Nova Measuring Instruments, Ltd., No. C 06-2252 SBA, 2007 WL 627920 (N.D. Cal. Feb. 26, 2007), among other cases). This Court has also required evidence of direct-competition prejudice. Asetek, 2014 WL 1350813, at *5 (finding that without more evidence than the declaration of the Plaintiff's CEO tending to show that the plaintiff would suffer prejudice as a result of a stay due to the parties'

7

status as direct competitors, "a stay could produce undue prejudice, although the degree of prejudice is hard to estimate on this record."). As in Asetek, while the Court can assume that Cypress will suffer some prejudice as a result of a stay due to the parties' status as competitors, the Court cannot assess the degree of prejudice without at least some probative evidence on the point.

Finally, having conceded that a stay is appropriate as to at least some patents, Cypress is hard-pressed to argue that it will suffer unfair competitive injury if the stay is extended to others. To make the argument successfully would require showing how the latter stay imposes competitive harm while the former stay does not, and Cypress has not made that showing.

In sum, three of the four prejudice sub-factors weigh in favor of a stay, and the fourth weighs against a stay, although not strongly. Balancing the result of the prejudice analysis against the two other factors that weigh somewhat in favor of a stay—simplification of the issues and the stage of the case—the Court finds that a stay as to all of the patents at issue is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to stay with respect to the '128, '645, '403, and '839 Patents. The parties shall file a joint status report within seven days of the PTAB issuing its final decisions on all of the petitions for *inter partes* review challenging the patents in suit, informing the Court of PTAB's decisions. The same report shall also request the setting of a status conference and shall propose a schedule for the remainder of the case. In addition, every 90 days the parties shall file a joint status report advising as to the status of the *inter partes* review proceedings.

**IT IS SO ORDERED.**

Dated: October 7, 2014

_____
JON S. TIGAR
United States District Judge